UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY SCOTT VAN HUSIEN, | Case No. 2:24-cv-00055-WBS-JDP (PC) |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS** |
| v. | THAT PLAINTIFF'S APPLICATIONS TO PROCEED *IN FORMA PAUPERIS* BE DENIED |
| CHUCK ROSENBURG, *et al.*, | |
| Defendants. | ECF Nos. 8 & 12 |
| | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff has filed a first amended complaint, ECF No. 7, and two requests to proceed *in forma pauperis*, ECF Nos. 8 & 12.[1] However, after a review of plaintiff's filings in this district, it appears that plaintiff is a "Three-Striker" within the meaning of Title 28 U.S.C. § 1915(g).

The Prison Litigation Reform Act of 1995 provides that a prisoner may not bring a civil action or appeal a judgment in a civil action or proceeding under 28 U.S.C. § 1915 (i.e., may not proceed *in forma pauperis*) "if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States

---

[1] Plaintiff has filed two complaints; the initial complaint was filed January 5, 2024, ECF No. 1, and the first amended complaint was filed January 16, 2024, ECF No. 7. The first amended complaint is the operative complaint, but the court will review the initial complaint to assess whether plaintiff was in imminent danger at the time of filing.

1  that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon
2  which relief may be granted, unless the prisoner is under imminent danger of serious physical
3  injury." 28 U.S.C. § 1915(g). Any dismissal for failure to state a claim, whether with or without
4  prejudice, counts as a strike. *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1724-25 (2020).

5      The court takes judicial notice of the following cases constituting strikes: *Van Huisen v.*
6  *DeSantis*, No. 2:23-cv-01758-WBS-KJN (E.D. Cal. Jan. 2, 2024) (dismissed for failure to state a
7  claim); *Van Huisen v. Clinton Administration*, No. 2:23-cv-01596-DJC-KJN (E.D. Cal. Jan. 16,
8  2024) (dismissed for failure to state a claim); and *Van Husisen v. Joseph R. Biden*, No. 2:23-cv-
9  00944-DJC-EFB (E.D. Cal. Jan. 16, 2024) (dismissed for failure to state a claim). The court also
10 takes judicial notice of *Van Husien v. Chief of Staff*, No. 2:23-cv-02815-DAD-JDP (E.D. Cal.
11 April 3, 2024), where the court denied plaintiff's motion to proceed *in forma pauperis* because he
12 is a Three Striker.

13     Despite being a "Three-Striker," a plaintiff may be afforded an opportunity to proceed *in*
14 *forma pauperis* under § 1915(g) if he alleges that he was in imminent danger at the time he filed
15 the complaint. *See* 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1052-53 (9th Cir.
16 2007). The plain language of the imminent danger clause in § 1915(g) indicates that imminent
17 danger is to be assessed at the time of filing of the original complaint ("In no event shall a
18 prisoner *bring a civil action . . .*" (emphasis added)). *See Andrews v. Cervantes*, 493 F.3d 1047,
19 1053 (9th Cir. 2007) ("*Andrews II*"); *Bradford v. Usher*, Case No. 1:17-cv-01128-DAD-SAB,
20 2019 WL 4316899, *4 (E.D. Cal. Sept. 12, 2019) ("[I]mminent danger for purposes of § 1915(g)
21 is to be measured at the time of the commencement of the action."). Under this approach, the
22 conditions that existed at some earlier or later time are not relevant. *See Andrews II*, 493 F.3d at
23 1053 & n.5 (post-filing transfer of prisoner out of prison at which danger allegedly existed may
24 have mooted request for injunctive relief against alleged danger but did not affect § 1915(g)
25 analysis).

26     Plaintiff has not alleged that he was in imminent danger at the time of filing.[2] ECF No. 1.

27 _____

28     [2] While courts look to the initial complaint to assess imminent danger, the undersigned additionally reviewed the amended complaint and finds that it too does not contain any notion

1  The complaint purports to bring claims against Chuck Rosenburg, the former acting director of
2  the Drug Enforcement Agency, and several John Doe DEA employees.  ECF No. 1 at 2.  The
3  claims plaintiff attempts to allege, however, are unclear and difficult to decipher.  Indeed,
4  sentences in the complaint appear at times to be a series of unconnected words.  *Id.* at 6
5  ("Nargoterrorism, mania, considence game, and conspired with an immoral contract from
6  Virginia.").  These allegations, taken as true, do not establish that plaintiff was in imminent
7  danger of physical harm at the time of filing.

      Accordingly, it is RECOMMENDED that plaintiff's applications to proceed *in forma pauperis*, ECF Nos. 8 & 12, be DENIED and plaintiff be directed to tender the filing fee within thirty days of any order adopting these recommendations.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   May 2, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

---

that plaintiff was in imminent danger at the time of that filing.